IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30990
_____

NATHAN ROLLINS,

Petitioner-Appellant,

v.

BURL CAIN, Warden, Louisiana State Penitentiary;
RICHARD P IEYOUB, Attorney General, State of Louisiana,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-4166-M)
_____

April 7, 1999

Before KING, Chief Judge, REYNALDO G. GARZA and JOLLY, Circuit
Judges.

PER CURIAM:[*]

Nathan Rollins appeals the district court's dismissal of his
habeas corpus application, arguing that the jury instruction
defining reasonable doubt given in his state court trial violated
his rights under the Due Process Clause.  We affirm.

I.  FACTUAL AND PROCEDURAL BACKGROUND

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nathan Rollins was convicted in state court of three counts of armed robbery in August 1990 and is currently serving a ninety-nine year sentence without the benefit of pardon or parole in the Louisiana State Penitentiary in Angola, Louisiana. After Rollins exhausted his direct appeals, he filed a habeas corpus petition in state court, which was rejected by the state district court and on appeal by the state appellate and supreme courts.

Rollins filed a federal habeas corpus application pursuant to 28 U.S.C. § 2254 in federal district court on January 10, 1997. In his habeas application, Rollins argued that the trial court's instruction regarding reasonable doubt violated his constitutional rights under Cage v. Louisiana, 498 U.S. 39, 41 (1990), that his identification was not proven beyond a reasonable doubt, that his adjudication as a habitual felon was illegal because the predicate offense was not final before the conviction of the later offense, and that he received ineffective assistance of counsel.

The respondents filed a response to Rollins's habeas application asserting, inter alia, that his Cage claim was procedurally barred due to his failure to object when the jury instruction was initially given. The case was referred to a magistrate judge who issued a report and recommended that Rollins's application be denied. Specifically, the magistrate judge found that the Cage claim was procedurally barred, and, in the alternative, that the claim lacked merit.

2

Rollins filed objections to the magistrate judge's report and recommendation. The district court adopted the magistrate's report and entered judgment dismissing Rollins's application. Rollins timely appealed, and this court granted him a certificate of appealability (COA) limited to: (1) whether Cage claims are cognizable retroactively in habeas corpus petitions, (2) whether the state courts' decisions relied upon Rollins's failure to object to the Cage instruction when denying relief, (3) whether Rollins's Cage claims are procedurally barred, and (4) whether the jury instruction given in his case violated Cage.

## II. DISCUSSION

We review a district court's denial of federal habeas review based on state procedural grounds de novo and its findings of fact for clear error. See Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 118 S. Ct. 1811 (1998); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995). Rollins filed his habeas application after April 24, 1996, and it is therefore subject to the terms of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). See Lindh v. Murphy, 521 U.S. 320, 336 (1997).

A panel of this court recently considered an appeal from the dismissal of a habeas application in a similar procedural posture as the instant case. See Muhleisen v. Ieyoub, No. 97-30622, 1999 WL 104888 (5th Cir. Mar. 2, 1999). The appellant in that case, like Rollins, filed his habeas application after the passage of AEDPA. See id. at *1. As we stated in Muhleisen, this court has determined that Cage claims are retroactively cognizable in

3

habeas applications. See id. at *3 (citing Humphrey v. Cain, 138 F.3d 552, 553 (5th Cir.) (en banc), cert. denied, 119 S. Ct. 348 (1998)). However, as we noted in Humphrey, and explained in Muhleisen, AEDPA's "heightened standard of review for state prisoners, see 28 U.S.C. § 2254(d)(1), could shut out" petitioners asserting retroactive Cage claims. Humphrey v. Cain, 120 F.3d 526, 529 (5th Cir. 1997), adopted by Humphrey, 138 F.3d at 553; see Muhleisen, 1999 WL 104888, at *4-*5.

We therefore proceed to consider whether Rollins's Cage claim is procedurally barred. If a state court decision rejecting a federal habeas petitioner's constitutional claim clearly and expressly rests on an adequate and independent state procedural bar, this court is precluded from reviewing the merits of the claim absent a showing of cause and prejudice for the procedural default or a showing that failure to review the claim would result in a complete miscarriage of justice. See Muhleisen, 1999 WL 104888, at *3; Boyd v. Scott, 45 F.3d 876, 879-80 (5th Cir. 1994).

However, because Rollins failed to present his Cage claim to the Louisiana state courts, no Louisiana state court explicitly considered Rollins's Cage claim, much less clearly and expressly relied on a state procedural bar in rejecting it. Rollins initially stated in his state habeas petition that "the trial court gave an erroneous instruction to the jury defining reasonable doubt." However, his only argument with respect to the jury charge was that his trial counsel was ineffective for

4

failing to object to the language of the charge, not that the charge itself violated Cage. The state habeas court rejected Rollins's ineffective assistance of counsel argument, concluding that "Cage . . . effected a dramatic change in the law regarding the definition of reasonable doubt, and accordingly, criminal defense attorneys were not constitutionally ineffective for failing to object to such an instruction." On appeal to the Louisiana Court of Appeals and the Louisiana Supreme Court, Rollins did not argue that the state habeas court failed to address his Cage claim and raised the issue only in relation to his ineffective assistance of counsel claim, which was denied by both state appellate courts.

The requirement that the state court have clearly and expressly based its ruling on a state procedural bar thus does not apply to this case, because "the claim was never presented to the state courts." Muniz v. Johnson, 132 F.3d 214, 220 (5th Cir.) (internal quotation marks omitted), cert. denied, 118 S. Ct. 1793 (1998). We must therefore "look to, and apply, state procedural default rules in making the congressionally mandated determination whether adequate remedies are available in state court." Id. at 220 n.10 (internal quotation marks omitted).

Rollins failed to object to the jury instruction regarding reasonable doubt at his trial. Louisiana courts have strictly and regularly followed a contemporaneous objection rule in barring Cage claims when the petitioner did not object to the jury instruction at trial. See State v. Wilson, 631 So. 2d 1213,

5

1218-19 (La. Ct. App. 1994); State v. Berniard, 625 So. 2d 217, 220 (La. Ct. App. 1993) (on rehearing); see also State ex rel. Ross v. Blackburn, 403 So. 2d 719, 721-22 (La. 1981) (stating that erroneous jury instruction is not patent error and therefore court may not consider issue absent contemporaneous objection). "Louisiana's use of the contemporary objection rule, as applied specifically to Cage claims, is constitutionally adequate." Muhleisen, 1999 WL 104888, at *3. Rollins's failure to object to the jury instruction regarding reasonable doubt during his trial therefore precludes our consideration of the issue unless Rollins makes the requisite showing of cause and actual prejudice, or that a fundamental miscarriage of justice would result from our failure to address his claim. See Muniz, 132 F.3d at 220-21.

Rollins does not assert that he is actually innocent, and therefore our failure to consider his claim would not result in a fundamental miscarriage of justice. See id. at 221 n.12 ("In order to prove a fundamental miscarriage of justice, the prisoner must assert his actual innocence.") (internal quotation marks omitted). In addition, Rollins has failed to demonstrate cause for his procedural default; this court has stated on numerous occasions that Cage claims have been "reasonably available" since 1982, well before Rollins was convicted. James v. Cain, 50 F.3d 1327, 1333 (5th Cir. 1995); see Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995). The district court therefore properly dismissed Rollins's habeas application as procedurally barred.

6

Furthermore, we note, as did the panel in Muhleisen, that the newly amended 28 U.S.C. § 2254(d)(1) effectively precludes relief to petitioners asserting retroactive Cage claims. This court has interpreted that section to provide that "we can grant a writ of habeas corpus only if the state court's determination of law, on a de novo review, violated Supreme Court precedent in existence at the time of the petitioner's conviction." Muhleisen, 1999 WL 104888, at *4 (citing Drinkard v. Johnson, 97 F.3d 751, 768 (5th Cir. 1996), cert. denied, 117 S. Ct. 1114 (1997)). Rollins was convicted in August 1990, and the Supreme Court did not decide Cage, which was "the first, and so far the only, time the Supreme Court has held a definition of reasonable doubt to have violated the Due Process Clause," id. at *5, until November 13, 1990. See Cage, 498 U.S. at 39. Thus, even if we construe Rollins's state petition to have raised the Cage claim, and the denial of relief by the Louisiana state courts to have rejected it, Rollins cannot prevail because Cage was not in existence at the time of Rollins's conviction.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

7